IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard Kevin Stockton, #1094951, Plaintiff, vs. Fulton County GOVT. and Atlanta DA Fani Willis, Defendants. | ) | C/A No.: 6:26-cv-2260-TMC-TER REPORT AND RECOMMENDATION |

Richard Kevin Stockton ("Plaintiff"), proceeding pro se, filed this complaint against Fulton County GOVT. and Atlanta DA Fani Willis (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review his complaint for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this case be dismissed without prejudice and without leave for further amendment.

I. Factual and Procedural Background

On May 26, 2026, Plaintiff filed a document in the United States District Court for the Western District of North Carolina that the Clerk of Court construed as a complaint. (ECF No. 1). On June 8, 2026, Chief United States District Judge Martin Reidinger issued an order transferring the case to this court. (ECF No. 2). The undersigned issued a proper form order on July 31, 2026, noting that Plaintiff, who had labeled the claims in the complaint as "Lawsuit number one," "Lawsuit number Two," and "Lawsuit number Three," was attempting to bring three distinctly different lawsuits through the filing of one complaint and that, to the extent he desired to pursue all three actions, he would need to file three separate complaints. (ECF No. 8 at 2). The undersigned further warned Plaintiff that each of the three proposed lawsuits was subject to at least

partial summary dismissal. *See id.* at 3–6. Plaintiff was directed to file an amended complaint and advised that an amended complaint replaces the original complaint and should be complete in itself. *Id.* at 6 (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted)).

On August 17, 2026, the Clerk of Court received a letter referencing this case number and another. (ECF No. 11). Plaintiff included various factual allegations in the letter, but it was not docketed as complaint, presumably because it referenced two different case numbers, requested a different type of complaint form, and did not indicate it was a complaint or an amended complaint. *See id.* Plaintiff subsequently filed an amended complaint that includes the case number referenced in this case's caption. (ECF No. 12). The undersigned construes this as the operative complaint in this case.

Plaintiff brings this amended complaint pursuant to 42 U.S.C. § 1983 against Fulton County GOVT and Atlanta DA Fani Willis ("Willis") (collectively "Defendants"), in their official capacities. (ECF No. 12 at 2–4). He claims Defendants are violating: "My Human Right to a Fair Speedy Public Trial that the Supreme Court unanimously rule "ANY" GOVT., Agency, Official, OR Entity Lawsuit Liable for violating, Depriving, "NOT" Protecting." *Id.* at 4. He states Willis has "kept [him] in Fulton County Jail over 950 days without allowing [his] requested Human Right to a Fair Speedy Public Trial w peers and my side of the story heard." *Id.* He further specifies he was incarcerated in Fulton County Jail from 2020 to 2022, in 2023, and from December 27, 2025, to the present. *Id.* at 5. He asserts his injuries include "[o]verwhelming Mental, Physical and Financial Damage [he] ha[s] suffered," including broken bones and physical deterioration. *Id.* at

6. He requests that the court award him $30,000 per day for every day he has been jailed and deprived of his right to a speedy public trial. *Id.*

Plaintiff attached to the amended complaint a letter stating that "[his] Lawyer Atl. DA Michael Lascala violated [his] Helpless Little girl in July of 2019" and he received a threat from "Federal Prosecutor Manny Arura." (ECF No. 12-1). He indicates that since this time, "GOVT." has caused him to suffer "'EXTREME' Atrocious Human Rights Violations, Slanderous "Lies,' Attempted Murder, Mail Tampering, and False Imprisonment on Fabricated Fraudulent Charges and accusations 'OVER' Half a 'Decade' without receiving 'ANY GOVT. or Counsel Assistance, or 'ANY' of my Well-Established Requests for a Speedy Public Trial (or ANY Trial Period!)." *Id.*

A review of publicly available information from government websites sheds some light on Plaintiff's allegations.[1] It appears that Plaintiff was booked into the Fulton County Jail for an offense of aggravated stalking on October 27, 2020, and was released on May 24, 2022, after receiving a sentence of time served and probation. *See* Fulton County Sheriff's Office Inmate Search, hhttps://fcsoga.org/inmate-search/ (click "SEARCH INMATE DATABASE," click "Jail Records," search by "Defendant Name: Last Name: Stockton, First Name: Richard, click Booking Number 2013126). He was booked into the Fulton County Jail again on September 13, 2023, for a probation violation, and was released on October 24, 2023. *Id.* (click Booking Number 2315066). Plaintiff was booked into the Fulton County Jail for a third time on December 27, 2025, for a

[1] The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

probation violation and a charge of aggravated stalking and remains incarcerated. *Id.* (search Booking Number 2523184).

II. Discussion

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff's complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the pro se complaint may be subject to summary dismissal. The mandated

liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

B. Analysis

Plaintiff's amended complaint fails to state a claim upon which relief may be granted. To state a plausible claim for relief under § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action brought under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must establish both: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a

person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges his speedy trial rights have been violated.[2] Although Plaintiff states he has been incarcerated for over 950 days, the undersigned notes that Plaintiff has not been jailed for 950 consecutive days. While he was incarcerated for a lengthy period between 2020 and 2022, he was convicted of an offense, and this period of pretrial incarceration was credited as time served. Aside from that period of incarceration, Plaintiff was jailed for approximately six weeks on a probation violation in 2023 and has been jailed on a probation violation and another charge since December 27, 2025.

As the court previously explained, this is not the appropriate venue for Plaintiff to bring his claim against Defendants. *See* ECF No. 8 at 4. Pursuant to 28 U.S. § 1391(b):

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff provides addresses in Atlanta, Georgia for Defendants and is challenging his continued pretrial detention in Atlanta, Georgia. Therefore, the Northern District of Georgia is the appropriate judicial district for this case to be brought.

---

[2] Plaintiff also makes the conclusory statement in the letter attached to the amended complaint that he has suffered "'EXTREME' Atrocious Human Rights Violations, Slanderous "Lies,' Attempted Murder, Mail Tampering, and False Imprisonment on Fabricated Fraudulent Charges and accusations 'OVER' Half a 'Decade' without receiving 'ANY GOVT. or Counsel Assistance. (ECF No. 12-1). These allegations are conclusory and fail to state a claim against Defendants as Plaintiff includes no facts to support them.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1406 states "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). While Plaintiff could have brought his amended complaint in the Northern District of Georgia, "the interests of justice" do not direct the court to transfer the case, as the amended complaint is subject to summary dismissal.

Federal district courts generally refrain from addressing claims of speedy trial violations brought pursuant to 42 U.S.C. § 1983 where state criminal proceedings are ongoing. *See Julius v. Dickers*, No. 4:18-cv-105-HMH-TER, 2018 WL 1545698, at *3 n.3 (D.S.C. Mar. 5, 2018) (dismissing § 1983 claim and explaining that "federal court should abstain from considering a speedy-trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal"), *report and recommendation adopted by* 2018 WL 1536572 (D.S.C. Mar. 29, 2018). In *Younger v. Harris*, the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). In discussing *Younger*, the Fourth Circuit has explained that:

> Absent a few extraordinary exceptions, *Younger* mandates that a federal court abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *Nivens I,* 319 F.3d at 153.

*Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) ("*Nivens II*").

The first criterion is met, as an ongoing state criminal proceeding exists. The second criterion has been addressed by the United States Supreme Court's statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Supreme Court also addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 903 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id.*; *see also Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979). Because Plaintiff can pursue his speedy trial claim in state court, he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied equitable relief by this court. *See Younger*, 401 U.S. at 43-44.

Even if the case were not subject to dismissal based on *Younger* abstention, Plaintiff cannot pursue a § 1983 claim against Willis for her actions in connection with his criminal prosecution, as she is entitled to prosecutorial immunity. Prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Courts recognize an exception to this rule if the prosecuting attorney acts in the role of administrator or investigative officer and it is the type of activity performed that is analyzed, but Plaintiff's claim that Willis violated his right to a speedy trial would not fall under this exception.

Even if Plaintiff could pursue his claim that Fulton County GOVT. violated his right to a speedy trial under the Sixth Amendment, he has not alleged sufficient facts to support a § 1983 claim. The Supreme Court has held that "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978). In addition, "local governments, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690–91. To state a *Monell* claim, a plaintiff must: (1) identity of a specific "policy" or "custom"; (2) attribute the policy or custom and fault for its creation to the municipality; and (3) show an "affirmative link" between the identified policy or custom and a specific right that was violated. *Spell v. McDaniel*, 824 F.2d 1380, 1389 (4th Cir. 1987). Plaintiff has not satisfied these requirements, as he has not pointed to any policy statement, ordinance, regulation, official decision, or custom adopted by Fulton County GOVT. that caused a denial of his right to a speedy trial. Consequently, Plaintiff has failed to state a § 1983 claim against Fulton County GOVT.

Out of an abundance of caution and given the recent decision in *Nichols v. Bumgarner*, 174 F.4th 511 (4th Cir. 2026), the undersigned has considered whether Plaintiff has stated claims against Michael Lascala ("Lascala") or Manny Arura ("Arura"). His allegations that Lascala "violated [his] Helpless Little girl in July of 2019" and that Arura threatened him, without further facts, do not state a claim under the Constitution or federal law, and Plaintiff has not otherwise demonstrated that this court would have jurisdiction over any matter involving these individuals.

Given the foregoing, Plaintiff has not stated a claim upon which relief may be granted, and his amended complaint is subject to dismissal.

III. Conclusion and Recommendation

It is recommended that the District Court dismiss Plaintiff's action under § 1915(e) and § 1915A without prejudice and without leave for further amendment, as amendment would be futile.

IT IS SO RECOMMENDED

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 1, 2026
Columbia, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).