**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Richard Kevin Stockton,<br><br>Plaintiff,<br><br>vs.<br><br>Fulton County GOVT, and Atlanta DA Fani Willis,<br><br>Defendants. | Civil Action No. 6:26-cv-02260-TMC<br><br>**ORDER** |

Plaintiff Richard Stockton, a Georgia state pretrial detainee, brought this action *pro se* against numerous Defendants in the Western District of North Carolina. (ECF No. 1). Finding that the majority of the purported incidents at issue in this case occurred in the District of South Carolina, the District Court for the Western District of North Carolina transferred the action here. (ECF No. 2). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was automatically referred to a United States Magistrate Judge for all pretrial proceedings.

The original complaint asserted miscellaneous claims against fifteen Defendants; some of the claims bore no relation whatsoever to other claims. (ECF No. 1). Stockton has recently filed a number of similar actions in this court. *See, e.g.*, *Stockton v. Greenville Cnty. Solicitor's Office, et al.*, C/A No. 6:25-cv-13092-TMC, dkt. # 20 (D.S.C. Dec. 31, 2025) (dismissing action for failure to comply with court order characterizing Plaintiff's action as frivolous); *Stockton v. Fort Hill Nat. Gas Co.*, C/A No. 4:25-cv-09957-TMC, dkt. # 26 (D.S.C. Nov. 19, 2025) (adopting recommendation that action be dismissed for failure to state a claim upon which relief can be

granted and for frivolity); *Stockton v. Atlanta Judicial Circuit*, 4:25-cv-09580-TMC, dkt. #13 (D.S.C. Oct. 21, 2025) (summarily dismissing action).

This case involves the same continuing complaints and grievances against the same parties that Plaintiff has repeatedly sued in the District of South Carolina. The assigned magistrate judge issued an order advising Stockton that the complaint was deficient in multiple respects and warned him that if he failed to amend the complaint, the action would be subject to dismissal. (ECF No. 8). Plaintiff was also warned that he could be subject to sanctions for repeatedly suing the same parties who are not amenable to suit. *Id.* at 3.

Plaintiff filed an amended complaint eliminating all of the named defendants except two-- "Fulton County GOVT" and "Atlanta DA Fani Willis." (ECF No. 12). The amended complaint asserts a speedy trial claim, alleging "Fulton County and Atl. DA Fani Willis ha[ve] kept me Jailed . . . over 950 Days Depriving my Request for my Human Right Speedy Public Trial." *Id.* at 4–5.

Now before the court is the magistrate judge's Report and Recommendation ("Report"). (ECF No. 19). Although the magistrate judge concluded that the proper venue for this action under 28 U.S. § 1391(b) is the Northern District of Georgia, the magistrate judge concluded, pursuant to 28 U.S.C. § 1404(a), that it is in the interest of justice not to transfer venue in this case as it is subject to summary dismissal. *Id.* at 7. In particular, the magistrate judge determined that because Plaintiff's claim arises from an ongoing state criminal proceeding, it is proper for the court to abstain from interfering under *Younger v. Harris*, 401 U.S. 37 (1971). (ECF No. 19 at 7–8). Additionally, the magistrate judge noted (1) that Defendant Willis would enjoy prosecutorial immunity for the claim asserted by Plaintiff in this action, (ECF No. 19 at 8); and (2) that Plaintiff has failed to allege sufficient facts to support a § 1983 claim against Defendant Fulton County, a local government body. *Id.* at 9 ("Plaintiff has not . . . pointed to any policy statement, ordinance,

regulation, official decision, or custom adopted by Fulton County GOVT. that caused a denial of his right to a speedy trial.").[1] The magistrate judge recommends that the court dismiss Plaintiff's action under § 1915(e) and § 1915A without prejudice and without leave for further amendment, as amendment would be futile. *Id*. at 10.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop.*

---

[1] The Report, out of an abundance of caution, also addresses Plaintiff's potential claims against "Michael Lascala" and "Manny Arura." (ECF No. 19 at 9–10). The Amended Complaint (ECF No. 12) does not name these individuals as defendants, and the court declines to conjure up or revive claims for additional consideration.

*Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

Plaintiff filed purported objections to the Report. (ECF Nos. 22 and 23). Plaintiff repeats his claims and generally disagrees with the Report. The objections do not relate to or in any way address the dispositive portions of the Report, and the court overrules them. The court has reviewed the Report under a *de novo* standard, finds no error in the Report and can discern no basis for deviating from the Report. The court agrees with and wholly **ADOPTS** the magistrate judge's findings, conclusions and recommendations in the Report (ECF No. 19), which is incorporated

herein by reference. Plaintiff's action is wholly without merit. **Accordingly, this action is hereby DISMISSED without prejudice and without further leave to amend**.

**"Three-Strikes" Warning**

**ADDITIONALLY, PLAINTIFF'S ATTENTION IS DIRECTED TO THE FOLLOWING WARNING:**

Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from filing a civil lawsuit such as this one *without paying the filing fee* if the prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**Plaintiff is warned that if he continues to file pleadings that are frivolous, malicious, or fail to state a claim for which relief may be granted, he risks the accumulation of three strikes under this provision, meaning that he may be required to pay the filing fee for all future cases filed absent a showing of imminent danger**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Greenville, South Carolina
September 29, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.